Amos P. Tapley & another, Executors, *vs.* Thomas Coffin.

An attorney at law and his client agreed in writing that he should have the sum of $1240 in full of all charges for past services, and the further sum of $400 in full satisfaction of all future services in certain suits; in consideration of which, "and for the purpose of securing the payment of the sums above named" to the attorney, the client assigned to the attorney his share in his father's estate then under administration; and it was agreed that the attorney should collect and receive the same, and, after deducting the necessary expenses, pay to himself said sums of $1240 and $400, and the residue to the client; and that all future bills of costs in those suits, except for money paid out by the client, should belong to the attorney; and the attorney agreed, in case he should collect the full sum of $1640, to pay to his client $100 out of it. *It seems*, that no part of this agreement was void for champerty. The attorney having continued during his life to carry out this agreement, but died without having ended these suits or a suit to recover the client's share of his father's estate, and the executors of the attorney's will having declined to prosecute said suits, *Held*, that they might still recover the sum of $1240 from the client.

Action of contract by the executors of the will of Henry H. Fuller, counsellor at law, to recover the sum of $1240, under an indenture executed by him and the defendant on the 27th of July 1849, which recited that Fuller had rendered professional services for the defendant, the charges for which on his books, after deducting payments, amounted to the sum of $1980.83, in full payment and satisfaction of which he had agreed to receive and accept of the defendant the sum of $1240; and there were now pending in this court in the county of Nantucket three suits to which the defendant was a party, and Fuller was about to draw and file a petition in his behalf for partition of the real estate of his father Gilbert Coffin, and had agreed to prosecute to final judgment these three suits and this petition, and to do all things necessary and proper for counsel to do therein in the defendant's behalf, for the sum of $400, "which said sum shall be in full satisfaction for all services to be rendered in all said suits on and after this day;" and that the defendant was entitled to a share of the personal estate of his father: "Now therefore, in consideration of the premises, and of the indebtedness of the said Thomas to the said Fuller, and for the purpose of securing and making sure to the said Fuller the payment of the sums above named, the said Thomas

Coffin doth hereby sell, assign, transfer and convey unto the said Fuller" all his interest in said estate in the hands of the administrator, " to have and to hold the same to him the said Fuller, and his heirs and assigns, for the purposes aforesaid;" Fuller agreed to collect and recover said share with reasonable dispatch, and to " bring all necessary and proper actions and suits therefor in the name of the said Thomas, or otherwise, and at his expense; and all sums and amounts so collected and received by the said Fuller out of the said estate and effects the said Fuller shall first apply towards paying to himself the said sums " of $1240 and $400, " having first of all paid the necessary expenses of such collection," and pay the balance and residue to this defendant without delay: It was also agreed that all bills of costs which might be recovered in the three suits and the petition above named, except for money paid out by this defendant, should belong to Fuller; and that all sums of money previously paid by him to Fuller were to be considered as credited and allowed by Fuller to him as part payment of Fuller's charges, and had been deducted, leaving the full balance due to Fuller of $1640, " which is to be paid to the said Fuller as above is provided." On the same day, Fuller by a separate agreement in writing agreed, in case he should receive and collect the full sum of $1640, to pay $100 of it to this defendant.

Fuller continued during his life to carry out the agreement declared on, according to its terms; commenced a suit in equity under the agreement against this defendant and the administrator of the estate of Gilbert Coffin to recover the defendant's share in that estate; and died on the 15th of September 1852, without having brought to a conclusion the suits mentioned in the agreement, and before Gilbert Coffin's estate was settled or this defendant's portion therein ascertained. The plaintiffs declined to prosecute any of these suits; and the suit of Fuller against this defendant and the administrator of his father's estate was therefore dismissed without costs. The parties submitted the case above stated to the judgment of the court.

*G. H. Preston*, for the plaintiffs.

*B. Dean*, for the defendant.

DEWEY, J.   The demand now sought to be recovered is embraced in the amended declaration, and is confined to the amount of indebtedness of the defendant to the plaintiffs' testator for services rendered prior to the execution of the written indenture of July 27th 1849.   The parties by the recitals in that indenture fixed that amount; and the defendant assigned a claim he held as heir at law of his late father's estate to the testator, as collateral security for this debt and for other future services to be rendered.   The transfer was not an absolute sale, in payment and discharge of the debt, but merely as security therefor.   It was " for the purpose of securing and making sure to said Fuller the payment" of said sum; and the balance realized from said claim, remaining after payment of said sums, was to be paid over to the defendant.   We perceive no ground of objection to the plaintiffs' recovering for such past services. The plaintiffs' testator has not made the assigned claim available, and makes no demand for services in presenting it, or for other future services provided for by the indenture.

The effect of the indenture was not such as to preclude the testator from resorting to the defendant for prior services, if they were not paid from that source.   It seems quite unnecessary therefore to enter upon the consideration of the question raised by the defendant as to the illegality of the contract between the parties as found in the indenture.   It may be quite sufficient to say that we perceive no objection to this agreement for such a cause.   It does not present a case of champerty or maintenance.   It seems, so far as the future services were stipulated for, to have been a mere agreement to do certain services as a counsellor and attorney at law for a specified sum.   It does not become any more illegal by reason of taking security for the payment of such fees by giving the attorney a lien or security therefor upon the demand when collected.   But if it were so as to the four hundred dollars stipulated to be paid for future services, yet that would not prevent the plaintiffs from recovering for his previous services.   *Thurston* v. *Percival,* 1 Pick. 415.

*Judgment for the plaintiffs.*